UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

PROGRESSIVE CASUALTY INSURANCE COMPANY,

           Plaintiff,

vs.

BAM PRODUCE, INC., MANUEL OSVALDO NUNEZ, JR., MTLR CORP., and RON COUCHMAN,

           Defendants.

Civil Action No. 1:17-cv-00289

**DECLARATION OF MICHAEL X. DANQUER**

---

MICHAEL X. DANQUER, of full age, states as follows:

1. I am a Senior Casualty Specialist, Commercial Lines, for Progressive Casualty Insurance Company ("Progressive"), plaintiff in the above-captioned matter. As such, I have personal knowledge of the matters stated herein. I make this declaration in support of Progressive's motion for summary judgment.

2. Progressive issued policy number commercial auto policy number 03813228-0 to BAM Produce, Inc., of Huntington Bay, New York, effective June 7, 2016. A certified copy of the policy is attached as Exhibit "A."

3. In its application for insurance, presented to Progressive through MacKoul & Associates Agency, BAM sought coverage for two vehicles, a 2010 International Tractor, VIN (vehicle identification number) 1HTHXAHR6AJ221527 and a 2004 Mack tractor, VIN 1M2AE05C04N019743. Those two vehicles, and no others, were scheduled on the policy at inception as issued by Progressive (June 7, 2016). A copy of the application is attached as Exhibit "B."

4. Effective October 21, 2016, BAM added a third vehicle to the policy, a 2006 International tractor VIN 1HTHXAHR76J253197 (the "2006 tractor"). (A copy of the endorsement adding the 2006 tractor is attached as Exhibit "C.")

5. On November 18, 2016, Denise Caballero of MacKoul called Progressive and alerted the company that there had been a loss on July 15, 2016 involving BAM. At that point the vehicle involved in the loss was not identified. This was Progressive's first notice of the loss.

6. On November 22, 2016, Progressive received a copy of the summons and complaint in a lawsuit captioned *Ron Couchman v. Manuel Osvaldo Nunez and MTLR Corp.*, Supreme Court of the State of New York, Kings County, 513016/2016 ("the underlying action"). The complaint nowhere mentioned BAM. Plaintiff alleged that, while operating his motorcycle in the Bronx, he was struck by a 2006 truck bearing license number 36813PC. (A copy of the complaint in the underlying action is attached as Exhibit "D.")

7. Progressive ultimately secured a copy of the New York City Police Accident Report (which is attached as Exhibit "E"). According to the police report the loss involved the 2006 tractor (VIN 1HTHXAHR76J253197). The police report identifies defendant Nunez as the driver of the 2006 tractor and defendant MTLR Corp. as its owner.

8. Progressive hired the law firm of Brand, Glick & Brand to defend its insureds (and putative insureds) in the underlying action as a courtesy, reserving its rights to seek a judgment that it has no coverage for the loss. (Progressive's letter declining coverage but offering a courtesy defense is attached hereto as Exhibit "F.")

9. Subsequently, Couchman amended the complaint to name BAM as a defendant.

10. As part of my investigation of the claim I spoke, on December 1, 2016, with Mary Tulloch of MTLR. Ms. Tulloch told me that the 2006 tractor had been leased to BAM on May

13, 2015. (Attached as Exhibit "G" is a copy of the MTLR paperwork for the 2006 tractor which Ms. Tulloch sent to me.)

11. Ms. Tulloch told me that the 2006 tractor remained in BAM's possession from May, 2015 through the date of the underlying accident and beyond.

12. The 2006 tractor was not listed in the application for insurance that BAM and its agent MacKoul & Associates prepared and sent to Progressive in June, 2016, nor was the vehicle scheduled on the Progressive policy at inception.

13. On December 1, 2016, as part of my investigation, I spoke with BAM's principal Billy Iarrobino. He could not identify which vehicle was involved in the accident, but insisted, in response to my question, that he had not insured it with Progressive because Mendon (MTLR) provided coverage. (Ms. Tulloch later explicitly denied that.)

14. Iarrobino told me that Nunez had worked for BAM for years – he could not explain why Nunez was not listed on the policy as a driver. Iarrobino said that on the date of loss, Nunez had been dispatched to pick up a shipment at the Hunts Point Market and was en route to make deliveries when he was involved in an accident.

15. I spoke with the driver Nunez the next day, December 2, 2016. He told me that he does not have a commercial driver's license issued by New York State. He indicated that he had been working for BAM for about nine years. On the date of the loss he picked up a shipment at the Hunt's Point Market, fueled up, and then proceeded towards his first stop.

16. Nunez told me that the loss took place at the intersection of Coster St. and Oak Point Avenue in the Bronx, and that he was not ticketed by the police following the accident.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 11, 2017

_____
MICHAEL X. DANQUER