UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PROGRESSIVE CASUALTY INSURANCE COMPANY,

                Plaintiff,

vs.

BAM PRODUCE, INC., MANUEL OSVALDO NUNEZ, JR., MTLR CORP., and RON COUCHMAN,

                Defendants.

Civil Action No. 1:17-CV-00289-AKH

**MEMORANDUM OF LAW IN OPPOSITION**

---

Defendant MTLR CORP. ("MTLR") respectfully submits this Memorandum of Law in opposition to the Plaintiff's Motion for Summary Judgment.

## I. INTRODUCTION - THERE IS SUFFICIENT OPPOSING EVIDENCE TO DENY THE MOTION.

This action is a declaratory judgment action brought by Plaintiff Progressive seeking *inter alia* to declare that Progressive has no duty to defend, indemnify or pay damages for the subject loss.  Progressive now moves for summary judgment claiming that the pleadings, the Danquer Declaration and the Progressive policy purport to show that the subject vehicle was not insured by Progressive for the loss.  To the contrary, on behalf of MTLR, the Declaration of Mary L. Tulloch dated July 27, 2017 (the "Tulloch Dec."), the exhibits thereto and applicable law show that the plaintiff's motion must be denied in the entirety. As shown by evidence in admissible form, MTLR was led to believe by plaintiff that the subject vehicle was insured and it should be so insured.  Accordingly, as amplified below, the motion must be denied for two (2)

1

overarching reasons. *First*, there has been no discovery and the motion is premature. *Second*, there are material issues of fact because the evidence shows that Progressive did not provide prior notice and was clearly under a duty to do so in the circumstances.

## II.  THE MOTION IS PREMATURE.

The motion must be denied because MTLR had not had an adequate opportunity to conduct discovery; in fact, it has had no opportunity.  The Supreme Court has [long] held that the entry of summary judgment is appropriate "*after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." [emphasis added] Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Moreover, the burden on the nonmoving party is tempered by two considerations.  First, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*., at 255, 106 S. Ct. at 2513. Second, "summary judgment should only be entered on the ground that the nonmovant's proof is insufficient when the nonmovant has had an adequate opportunity to conduct discovery." Celotex, 477 *131 U.S. at 322, 106 S. Ct. at 2552. "**The court should not permit the nonmoving party to be "`railroaded' by a premature motion for summary judgment.**" [emphasis added] *Id.*, at 326, 106 S. Ct. at 2554.

Clearly, there are a number of matters needing discovery. For example, there are "rental records" in Progressive's possession that are amiss as to how they were obtained, and concerning what other relevant records Progressive is likely to possess concerning coverage vis a vis BAM, MTLR and MacKoul & Associates. *Response to*

2

*Statement of Material Facts ¶4*. There is also information necessary concerning BAM's omission on the application. *Response to Statement of Material Facts ¶5*. The completeness of the insurance applications and whether there were other relevant applications is also unknown. *Response to Statement of Material Facts ¶6*. There are also matters concerning communications among the parties and their agents (in particular Mackoul & Associates), their courses of dealings, representations and omissions about the coverage at issue, which all must be fully developed. *See, e.g., Tulloch Dec. ¶20*.

Moreover, the appended Renewal Card sent from Progressive to MTLR (the "Renewal Card" - Exhibit B) and Tulloch Dec. (at *¶¶20-21,* in particular), shows that discovery is warranted to ascertain Progressive's course of adverse conduct, as well as justifiable reliance by MTLR on the Renewal Card as Progressive-issued notice. As shown, MTLR justifiably relied upon Progressive's and its agent's conduct in reasonably believing that Progressive's liability coverage was in full force and effect. Ms. Tulloch states, that from the various identified communications and documents, "I had absolutely no reason to believe or even to inquire that the subject vehicle would not also be covered for liability claims such as the subject loss at any time prior to the subject loss." *Tulloch Dec. ¶21*.

Accordingly, discovery is requisite because it is necessary to ascertain what efforts, if any, were undertaken by or on behalf of Progressive to advise MTLR that the subject vehicle might not (or was not) insured, even though Progressive seemingly *did* provide coverage as evidenced by the Renewal Card, bearing substantially identical information; this being patently misleading to MTLR in the circumstances.

Similarly, associated discovery should concern United Financial Casualty Company ("United Financial") and its relevant notices, practices and obligations; United Financial being part and parcel of Progressive, and as so referenced in the Renewal Card. (Exhibit B). In support of the this contention, it is a fact that United Financial, historically "refers to itself as United Financial Casualty Company". Connecticut Indemnity Company v. QBC Trucking, Inc. 03CIV 4257 *Fn.1* (S.D.N.Y. 2005). Progressive and United are also interchangeable as evidenced by New York State Department of Financial Services publicly available registration records, with the only difference being their National Association of Insurance Commissioners ("NAIC") numbers; to wit: Progressive #24260; United Financial #11770. *See*, https://myportal.dfs.ny.gov/web/guest-applications/ins.-company-search. This proves that Progressive and United Financial sufficiently similar for coverage purposes in the case at bar and discovery should involve both.

Further, the role of Mackoul & Associates as Progressive's agent/agency must be part of discovery.  "A broker is the representative of the insured, and **an agent is a representative of the insurer**." (emphasis added) B & A Demolition and Removal, Inc., 941 F. Supp. 2d 307, 315 (E.D.N.Y. 2013) (*citing* N.Y. Ins. Law § 2101(c) "However, an insurance broker can be held to be the legal agent of both the insurer and the insured, in certain circumstances, if there is evidence of some act on the part of the insurance company or facts from which the authority to represent it may be inferred.").

In the case at bar, the Renewal Card (*Exhibit B*) identifies Mackoul & Associates as the "agent/agency," as does Ms. Tulloch (*Tulloch Dec. ¶14 & ¶¶17-18*), meaning that Mackoul & Associates is a representative of Progressive. The associated communications, notices, customs

among the parties, Mackoul & Associates and United Financial, are therefore all ripe for disclosure *before* summary judgment motions can be entertained.

It is indeed strange that collision coverage was issued by Progressive to MTLR covering the time of the subject accident/loss, but clearly related and necessary liability coverage under the Lease goes unmentioned, when Progressive previously provided such coverage as arranged by Mackoul & Associates. Clearly, discovery is warranted before summary judgment should even be considered.

### III.  THERE ARE MATERIAL ISSUES OF FACT BECAUSE THE EVIDENCE SHOWS THAT PROGRESSIVE DID NOT PROVIDE PRIOR NOTICE AND WAS UNDER A DUTY TO DO SO IN THE CIRCUMSTANCES.

As the movant, Progressive has not met its burden. Summary judgment is appropriate only where the record before the court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Further, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Additionally, a motion for summary judgment should be denied "if the evidence is such that a reasonable jury could return a verdict" in favor of the non-moving party. NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 178 (2d Cir. 2008). As set forth below, the justifiable inferences herein are that Progressive insured the subject MTLR vehicle for the subject loss.

The facts provided in the *Tulloch Dec* and Renewal Card (*Exhibit B*) evidences that Progressive and its agent dealt with MTLR directly vis a vis vehicles leased by BAM from defendant MTLR. Therefore, there are material issues of fact about whether

or not notice to MTLR should have been provided by or at the behest of Progressive, when Progressive knew that BAM leased the subject MTLR-owned vehicle, either in the circumstances presented or via the duty established by a "special relationship" as set forth in Voss v. Netherlands Ins. Co., 22 N.Y.3d 728, 735, 985 N.Y.S.2d 448, 452, 8 N.E.3d 823 (2014).

In Voss, the New York Court of Appeals identified "three exceptional circumstances" "that may give rise to a special relationship, thereby creating an additional duty of advisement: (1) the agent receives compensation for consultation apart from payment of the premiums; (2) there was some interaction regarding a question of coverage, with the insured relying on the expertise of the agent; or (3) there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on[.]" Voss v. Netherlands Ins. Co., 22 N.Y.3d 728, 735, 985 N.Y.S.2d 448, 453, 8 N.E.3d 823 (2014) (*quoting* Murphy, 90 N.Y.2d at 272, 660 N.Y.S.2d 371, 682 N.E.2d 972). Thus, summary judgment is defeated by the application of "(2)" and "(3)".

Clearly, "(2)" is applicable because there was manifest "interaction," indeed direct contact, through the prior communication(s) leading to the Renewal Card issued by Progressive to MTLR, leading to MTLR's reliance upon the knowledge and expertise of Progressive and its agent. And while not specifically the named insured, MTLR is clearly in the same standing as the identified "loss payee/lienholder" thereon; the beneficiary of coverage.

Further, "(3)" is applicable in this case because MTLR was subject to Progressive's and its agent's (Mackoul & Associates) course of dealing in naming MTLR as an insured for vehicles its leased to BAM over a number of years. Certainly, MTLR was a *de facto* client subject to the requirements set forth in Long Beach Rd. Holdings, LLC v. Foremost Ins. Co., 75 F. Supp. 3d 575, 589 (E.D.N.Y. Feb. 11, 2015). The Long Beach Court noted that "[g]enerally, the law is reasonably settled on initial principles that insurance agents [in New York] have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so." *Id.* Clearly this history was known or should have been known to both Progressive and its agent who acted for one another. Nonetheless, Progressive failed to notify MTLR of any coverage "issues" or omissions regarding liability coverage for the subject vehicle.

This conduct was unconscionable as leaving MTLR uncovered, presents a question of fact as to whether Progressive acted towards MTLR in good faith or breached its duty of care, directly or via its agents/affiliates, as a duly licensed insurer in the State of New York.

## IV. CONCLUSION

Plaintiff's motion for summary judgment must be denied in the entirety because it is premature and because there are material issues of fact concerning communications and notice to MTLR that evidence a duty on the part of Progressive to insure the subject claim against MTLR. Following discovery, the Court is likely to find that MTLR is covered for the subject loss using its equitable powers.

Dated: New York, NY
       July 28, 2017

                                        Respectfully submitted,

_____
Andrew Small, Esq. (AS-1294)
MOLOD, SPITZ & DeSANTIS, P.C.
**Attorneys for Defendant MTLR CORP.**
**MTLR CORP**
1430 Broadway
New York, NY 10018
Tel. 212.869.3200
Fax 212.869.4242
Email: Asmall@molodspitz.com
Our file no. SP 4599

**To:**

**Attorneys for Plaintiff**
Barclay Damon, LLP
1270 Avenue of the Americas Suite 500
New York, NY 10022
Attn. Laurence Rabinovich, Esq.
Tel. 212.784.5800
Fax 212.784.5777
Email(s): lrabinovich@barclaydamon.com, docketing@hblaw.com, mvetrano@barclaydamon.com, pbramson@barclaydamon.com